John Hayes, Jr., the respondent, purchased of his father John Hayes, the decedent, fifty acres of land, and gave him his judgment bond for fifteen hundred dollars on the 24th day of April 1854, payable in ten years from date with interest. Soon after, John Hayes, the father, died, and the judgment bond being missing, the complainant as his administrator had filed a bill in the court below against the respondent for a discovery, and obtained at the February Term of the Court, a decree against him for the execution of a new judgment bond for the amount of the former, and payable after the expiration of the term originally limited in it. But pending these proceedings and shortly before this decree was entered, the respondent disposed of all his property and removed from the State, and which had not yet been complied with by him. John Hayes the deceased, by his will had given the residue of his estate, to be equally divided among his ten children, of whom John Hayes the respondent was one, and on closing the administration of the former, there was due the latter out of this residue the sum of five hundred and seventy dollars. At the November Term 1857 of the Superior Court for New Castle *Page 96 
County, the respondent instituted an action of debt on the bond of the complainant as the administrator of his father to recover his share of the residue, and pending this suit the present bill was filed for an injunction to enjoin the action on the bond, until the respondent had complied with and performed the decree of the Chancellor in the foregoing suit in equity. To this bill, the respondent demurred, and on the hearing, the Chancellor sutained the demurrer, dissolved the injunction and dismissed the bill of the complainant; and from this decree the appeal was taken.
And now, as to the other ground relied on by the counsel for the complainant, that the respondent should be restrained *Page 98 
from maintaining his suit at law, until he had complied with the decree in Chancery for the execution of a new bond. But for what purpose was this extraordinary power invoked in that Court? If such a bond when executed in accordance with the decree, would avail the complainant anything, as the defendant in the action at law, there might be some reason for it, and the Court of Chancery might have the power to do what is asked of it; for that Court has the power when it becomes necessary, to aid a party in availing himself of equitable set-off, when without its assistance, he cannot avail himself of it in a suit at law. But that was not the case here; and he emphatically denied that the Court had any power to do what was asked in this case, on the ground that the respondent was in contempt in that Court. Its only power in such case, was its general power for enforcing its decrees, by attachment, sequestration c, c. As to the cost in the suit in Chancery, the Chancellor remarked that it was unnecessary for him to do what had been asked of him in this case for that reason; because, by paying off these costs, the complainant could plead them as a set-off to the action, on the administration bond against him.
Rodney, in reply: The respondent had wholly refused to comply with the decree of the Chancellor for the re-execution of the bond; had parted with all his interest and property in this State, except this legacy, which he is in the meanwhile seeking to recover through the interposition of the Courts of justice in this State, with the intention of removing it, as soon as it can be collected, beyond their jurisdiction; has himself removed from the State and abjured his obligation to obey its judicial mandates, and avoids, and will hereafter forever avoid, coming into it again. Is the Court of Chancery under these circumstances bound to permit this? And if not, will it permit it? As to the matter of set-off in the suit at law, the Chancellor and the counsel on the other side have both erred; because in this case they are not mutual *Page 99 
demands. The action now pending in the Superior Court is on the administration bond against Henry K. Hayes and his sureties, and of course, is against him individually and personally, and not in his representative character, whilst the demand on the judgment bond and under the decree in the Court of Chancery, is due him in his representative capacity, solely.
The Court affirmed the decree of the Chancellor and dismissed the appeal on the ground that the distributive share of the respondent was due and payable, whilst the amount of the judgment bond from him to the testator, would not be due and payable for several years yet; and if the decree had been duly executed by him, it would have been no defence to the action for the legacy, because it would not have then been payable.